## WINTERS v. JACOBS.

**Fences:** COMMON INCLOSURE: CATTLE DAMAGE FEASANT. Where adjoining owners agree to inclose land in common, such agreement releases, for the time being, each party from obligation to build a partition fence ; and if one of them turns his cattle upon his own land from which they stray upon the land of the other, and do damage, he is liable therefor, the same as he would be if the lands were separated by a lawful partition fence ; and the other party may distrain the cattle while thus trespassing upon his land, regardless of the fact as to whether their owner turned them on his own land with the *intention* that they should go upon the land of the other.

*Appeal from Black Hawk District Court.*

THURSDAY, JUNE 16.

ACTION in replevin for several head of cattle. Trial to a jury. Verdict and judgment for plaintiff. Defendant appeals.

*Bois, Allen & Couch* for the appellant.

*Miller & Miller* for the appellee.

COLE, Ch. J.—Plaintiff and defendant were owners of adjoining lands, which were inclosed in common without a partition fence. The defendant had built his portion of the fence where it was agreed between the parties he should build it, and had by himself, and also through the fence viewers of the township, notified plaintiff to build his portion. Afterward, but before the expiration of the time fixed by the fence viewers for plaintiff to complete his part of the fence, the plaintiff turned the cattle in controversy upon his own land, from whence they came upon the defendant's land. The defendant put them in an inclosure and notified plaintiff thereof, and also that

plaintiff must not suffer his cattle again to trespass upon defendant's land. Plaintiff got his cattle and again turned them upon his own land, and again they trespassed upon defendant's land. The defendant distrained them, put them in his inclosure, and called the fence viewers to assess damages done by the cattle, which they fixed at five dollars. The plaintiff, without offering to pay the damages, brought this action of replevin for the cattle.

Upon the trial, the court instructed the jury, substantially, that the defendant had no right to distrain the cattle, unless the plaintiff turned them on his own land *willfully* toward the defendant; that he must have turned them on his own land " willfully as well as purposely " in order to justify them in finding for defendant.

The instructions, in this particular, were misleading and erroneous. The court evidently intended to say and did say to the jury, that it was not enough to defeat plaintiff's action that he turned his cattle upon his own land purposely, wherefrom they could without obstruction go, and did go, upon defendant's land and do him damage ; but it must also be shown that he so turned his cattle there with *the intention* that they should go upon the defendant's land and do him damage. The plaintiff, it is true, might use his own land as he pleased, and might pasture his cattle upon the corn and wheat growing there if he chose, and no action by another would lie against him therefor ; but if they escape upon his neighbor's land, inclosed in common with his, and do damage thereon, he is liable therefor ; and, being liable, of course the neighbor has a right to distrain them when doing damage.

The agreement to inclose lands or farms in common, without a partition fence, amounts to a discharge or release, for the time, of each party from all obligation to build or maintain such partition fence. The agreement

stands as and for the fence, and the liability of a party whose lands are thus inclosed in common, and who purposely turns his cattle upon his own land, from which they get upon his neighbor's land inclosed in common with his, and do damage, is just the same as it would be if their lands were separated by a lawful partition fence. The inclosure in common by consent stands for and has the same effect upon the rights of the parties, until severed by agreement, or pursuant to Revision, section 1533, as the actual building of a lawful partition fence. A party turning his cattle upon his own land, inclosed in common with another, must see to it that they are kept upon his own land, or must pay the damages resulting to his neighbor from their escape.

Reversed.